Filed 10/24/24; Certified for Publication 11/20/24 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JENNIFER SHENEFIELD, Plaintiff and Respondent, v. KAROLYN KOVTUN, Defendant and Appellant. | D083018 (Super. Ct. No. 37-2018-00052009-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Klinedinst, Robert M. Shaughnessy, Earll M. Pott, and Amara S. Barbara for Defendant and Appellant.

The Cabrera Firm and Guillermo Cabrera; Justice Legal Network and Casey Gwinn for Plaintiff and Respondent.

## INTRODUCTION

In September 2017, Attorney Karolyn Kovtun (Kovtun) held a meeting in her office with Jennifer Shenefield and her client Mark Shenefield after Mark had been convicted of domestic violence and while a criminal protective order was in place prohibiting Mark from having any contact with Jennifer.[1] During the meeting, Mark and Kovtun verbally and emotionally abused Jennifer, and Kovtun threatened to remove their daughter from Jennifer's custody if she did not sign a custody agreement she had prepared. Before leaving the meeting, Jennifer signed the agreement and then contacted the police. Kovtun continued to represent Mark, who was criminally charged and convicted of violating the criminal protective order.

While Mark's criminal case was still pending, Kovtun sued Jennifer in small claims court for recording the meeting without her consent, which prompted Jennifer to file a cross-complaint against Kovtun based on her conduct and statements. After two unsuccessful anti-SLAPP motions and related appeals, Kovtun successfully demurred to two of Jennifer's six causes of action in her second amended verified complaint. Following a two-day bench trial on Jennifer's remaining causes of action for negligence, intentional infliction of emotional distress, intentional misrepresentation, and negligent misrepresentation, the superior court entered judgment against Kovtun and awarded Jennifer $50,000 in damages.

---

[1]     Because the Shenefields share a surname, we refer to them by first name for clarity. We mean no disrespect.

In the instant appeal, Kovtun contends Jennifer's claims are barred by the statute of limitations in Code of Civil Procedure,[2] section 340.6, and that the litigation privilege in Civil Code section 47, subdivision (b) shields her from liability. We conclude Kovtun waived the section 340.6 statute of limitations defense by her failure to timely and properly plead it, and the litigation privilege does not apply to Kovtun's communications.

We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On June 13, 2017, the superior court issued a domestic violence restraining order (DVRO) prohibiting Mark from having any contact with Jennifer and awarded Jennifer full legal and physical custody of their daughter. The order gave Jennifer permission to record communications made by Mark that violated the order. Kovtun was Mark's attorney of record and was aware of the DVRO.

Kovtun continued to represent Mark as his criminal defense attorney, and on September 13, 2017, Mark entered a guilty plea for battery on a spouse. (Pen. Code, § 243, subd. (e).) Kovtun signed the change of plea form, acknowledging Mark's guilt and her knowledge of the criminal protective

_____

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[3]    We include relevant portions of the "Background and Procedural Facts" section from this court's unpublished opinion filed in Kovtun's second appeal in this case (*Shenefield v. Karolyn Kovtun* (Jan. 28, 2022, D078616) [nonpub. opn.]) and the uncontested factual findings in the superior court's statement of decision.

3

order entered as part of his sentence, which prohibited him from having any contact with Jennifer or their minor daughter.

Approximately two weeks later, Mark contacted Jennifer from Kovtun's office. Kovtun told Jennifer, who was unrepresented, that, unless she attended a meeting at her office that day, Kovtun would file a request for full custody on behalf of Mark that would result in the removal of their daughter from Jennifer's custody and care. Jennifer attended the meeting, where Mark and Kovtun pressured her to sign a stipulation for a 50-50 custodial arrangement that Kovtun had prepared.

When Jennifer would not sign the agreement, Mark became enraged. He screamed profanities at Jennifer, used aggressive language, and threatened to take full custody of their daughter. For more than an hour, Kovtun actively participated in Mark's verbal and emotional abuse of Jennifer. Kovtun accused Jennifer of being a bad parent, told Jennifer she would have hit Jennifer if she were in Mark's place, and generally accosted Jennifer with screaming, aggressive language, and threats. When Jennifer attempted to leave, Kovtun told her if she left without signing the agreement, they would file for full custody and get it. Jennifer recorded a portion of the meeting, and she ultimately signed a stipulated child custody agreement prepared by Kovtun but included the initials "U.D." after her name to indicate she signed it under duress.

After leaving the meeting, Jennifer contacted the police. Mark's involvement in the September 2017 meeting led to criminal charges for violations of the restraining orders against him. Kovtun continued to represent Mark as his criminal defense attorney, and on October 22, 2018, he pled guilty to a misdemeanor count of violating a protective order. (Pen. Code, § 166, subd. (c)(1).)

4

*The Consolidated Civil Actions*

On July 13, 2018, while Mark's criminal case was still pending, Kovtun filed a small claims complaint against Jennifer, seeking $5,000 in damages for invasion of privacy (Pen. Code, § 637.2, subd. (a)(1)) based on her recording of the September 2017 meeting. On October 15, 2018, Jennifer filed a verified cross-complaint in the unlimited civil division of the superior court against Kovtun and Mark for their statements and actions during the meeting. The small claims case was transferred to the superior court where the cases were consolidated on the court's own motion.

*The First Anti-SLAPP Motion*

On November 16, 2018, Kovtun filed an anti-SLAPP motion (§ 425.16) in which she argued the transcript and audio recording of the September 2017 meeting were inadmissible and that Jennifer had no probability of success on the merits because Kovtun's conduct was protected by the litigation privilege. While the motion was pending, Jennifer filed a first amended verified complaint (FAVC) alleging nine causes of action against Kovtun: violation of the Ralph Act, negligence, professional negligence, intentional infliction of emotional distress, false imprisonment, intentional misrepresentation, negligent misrepresentation, witness intimidation, and abuse of process. The FAVC modified one fact, who initially phoned Jennifer to invite her to the meeting, and in the negligence, professional negligence, and intentional misrepresentation causes of action, it referred to Kovtun as "Attorney Kovtun" and alleged she had violated her "affirmative duty" as an "officer of the court."

The court denied Kovtun's first anti-SLAPP motion. It ruled in part that the transcript and recording were admissible because a domestic

5

violence victim can record conversations with the restrained party and the litigation privilege did not protect the type of activity alleged.

Kovtun appealed from the court's denial of her first anti-SLAPP motion, but her appeal was dismissed after she failed to file an opening brief.

*The Second Anti-SLAPP Motion*

In September 2020, Kovtun's attorney alerted opposing counsel to the one-year statute of limitations for complaints arising from an attorney's provision of professional duties and services under section 340.6. In response, Jennifer filed a second amended verified complaint (SAVC) alleging six causes of action against Kovtun: violation of the Ralph Act, negligence, intentional infliction of emotional distress, false imprisonment, intentional misrepresentation, and negligent misrepresentation. Jennifer omitted the causes of action specific to Kovtun's professional duties, adjusted other causes of action to remove references to any special duties attributable to Kovtun's responsibilities as an attorney, eliminated references to Kovtun as "Attorney Kovtun" and deleted references to special duties arising from Kovtun's profession as an attorney.

On November 20, 2020, Kovtun filed a second anti-SLAPP motion. Kovtun's only substantive argument was that there was no probability of success because the statute of limitations under section 340.6 barred all of Jennifer's claims. The court denied the second anti-SLAPP motion. It concluded the motion was untimely because the FAVC and SAVC pleaded the same underlying facts and causes of action and incorporated its reasoning from its earlier anti-SLAPP ruling. It explained the section 340.6 statute of limitations is a defense that should be raised at the proper time and in the proper manner and also noted section 340.6 did not bar Jennifer's claims

6

because "none of the causes of action required a professional obligation and a couple were based in fraud."

Kovtun unsuccessfully appealed the denial of her second anti-SLAPP motion. In an unpublished opinion filed on January 28, 2022, this court affirmed the denial of the anti-SLAPP motion as untimely. We also concluded the FAVC and SAVC alleged the same conduct and causes of action against Kovtun and observed: "Given Kovtun's perspective that the SAVC, like the FAVC, is based on [Kovtun's] professional responsibilities, it seems insincere to argue that changes to the SAVC give rise to a new basis for an anti-SLAPP motion."

*Kovtun's Demurrer to Jennifer's Second Amended Complaint*

On May 27, 2022, Kovtun filed a demurrer to the SAVC. The superior court sustained the demurrer as to the Ralph Act and false imprisonment causes of action and overruled the demurrer as to the remaining causes of action. It determined "[s]ection 340.6 does not apply to fraud or tortious conduct which does not depend on proof that an attorney violated a *professional* obligation." (See *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1236.) Because Plaintiff has alleged fraud and tort claims that do not rely on proof that Ms. Kovtun violated her professional obligations, Section 340.6 does not apply. [¶] Finally, as the court has previously ruled, the litigation privilege under Civil Code section 47[, subdivision] (b) does not apply to the September 28, 2017 meeting."[4]

---

[4] Kovtun did not appeal from the superior court's December 9, 2022 order overruling her demurrer but raises the same statute of limitations and litigation privilege arguments in this appeal. (See *San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 912–913 ["[A]n order overruling a demurrer is not directly appealable but may be reviewed on appeal from the final judgment. (§§ 904.1, 906). . . ."].)

*Kovtun's Answer to Jennifer's Second Amended Complaint*

On January 3, 2023, Kovtun filed her verified answer to the SAVC. Although Kovtun asserted other statute of limitations affirmative defenses in her answer, she did not specifically assert or cite to section 340.6.

*Bench Trial and Statement of Decision*

After a two-day bench trial, the court took the matter under submission and issued a detailed statement of decision on May 23, 2023, detailing its factual findings supporting its judgment against Kovtun on Jennifer's four remaining causes of action for negligence, intentional infliction of emotional distress, and negligent and intentional misrepresentation. It awarded Jennifer $50,000 in compensatory damages.

Mark did not appear at trial, and the court entered judgment against him on all six causes of action and awarded Jennifer $250,000 in compensatory damages.

Judgment was entered on September 8, 2023, and Kovtun timely appealed.

## DISCUSSION

On appeal, Kovtun does not dispute the superior court's factual findings. Instead, she contends Jennifer's claims are barred by the statute of limitations (§ 340.6) and the litigation privilege (§ 47, subd. (b)(2)) as a matter of law.

A. *Applicable law and standards of review*

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. [Citations.]" (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 (*Arceneaux*).) While questions of law are subject to de novo review, the substantial evidence standard applies to both express and implied

findings of fact made by the superior court in its statement of decision. (See *SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 462 (*SFPP*).)

Generally, the one-year statute of limitations in section 340.6 applies to "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services." (§ 340.6, subd. (a).) If not timely and appropriately invoked by a defendant, a statute of limitations defense is waived.[5] (See *Adams v. Paul* (1995) 11 Cal.4th 583, 597–598; *Bohn v. Watson* (1954) 130 Cal.App.2d 24, 36.) We review de novo whether the section 340.6 statute of limitation applies and, more specifically, whether Kovtun waived it by failing to timely raise and properly plead it. (See *Int'l Engine Parts v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611 ["Because the relevant facts are not in dispute, the application of the statute of limitations may be decided as a question of law."].)

Civil Code section 47, subdivision (b), on the other hand, provides an absolute privilege for communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]" (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 (*Silberg*).) "The principal purpose of [the litigation privilege] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions. [Citations.]" (*Id.* at p. 213.)

---

[5] While "forfeiture is the failure to make the timely assertion of a right" (see *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371), the terms " 'waiver' " and " 'forfeiture' " have long been used interchangeably. (*Ibid.*) For the sake of consistency, we mirror the parties' use of the term "waiver" throughout this opinion.

The privilege may also extend to prelitigation statements. (See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057.) "A prelitigation communication is privileged *only* when it relates to litigation that is contemplated in good faith and under serious consideration. [Citations.]" (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1251 (*Action Apartment*), italics added.) When "a person publishing an injurious falsehood is not seriously considering litigation . . . , the publication has no 'connection or logical relation' to an action and is not made 'to achieve the objects' of any litigation." (*Ibid.*)

"Whether a prelitigation communication relates to litigation that is contemplated in good faith and under serious consideration is an issue of fact" (*Action Apartment*, *supra*, 41 Cal.4th at p. 1251) that we review for substantial evidence. (See *Diaz-Barba v. Superior Court* (2015) 236 Cal.App.4th 1470, 1484 [" ' "the fact finder's express or implicit determination will be upheld on appeal if supported by substantial evidence" ' "].)

B. *Kovtun waived the statute of limitations defense*

"[O]nce sued, if a defendant does not timely raise a limitations defense, it is waived regardless of how long the plaintiff has delayed" in bringing the action. (See *Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.* (1995) 38 Cal.App.4th 1532, 1548.) In October 2018, Jennifer filed a cross-complaint in response to Kovtun filing a small claims action against her. Rather than promptly raising the section 340.6 statute of limitations defense in her first anti-SLAPP motion filed in November 2018, Kovtun waited approximately *two years* before initially raising it. After informing opposing counsel in a September 2020 letter, Kovtun relied on

10

section 340.6 as the sole basis for her second anti-SLAPP motion filed on November 20, 2020.

Kovtun did not include her first or second anti-SLAPP motions or the superior court's orders denying those motions in the record on appeal. She did, however, include this court's January 28, 2022 opinion affirming the trial court's denial of her second anti-SLAPP motion as untimely, which makes clear that Kovtun should have raised the section 340.6 statute of limitations in her first anti-SLAPP motion filed in November 2018. Finding that Jennifer's FAVC and SAVC asserted the same six causes of action against Kovtun based on the same conduct, the court concluded: "Kovtun's [second] anti-SLAPP motion relies on a statute of limitations argument that *was available when she filed the initial anti-SLAPP motion* [on November 16, 2018]. And the FAVC much more obviously triggered the issue; Jennifer included three causes of action directed at Kovtun's professional responsibilities, and the complaint repeatedly referred to Kovtun as an attorney. Given Kovtun's perspective that the SAVC, like the FAVC, is based on her professional responsibilities, it seems insincere to argue that changes to the SAVC give rise to a new basis for an anti-SLAPP motion. Because the SAVC does not raise new causes of action, we will affirm the order denying the anti-SLAPP motion as untimely." (Italics added.)[6]

Kovtun attempts to side-step her waiver of the statute of limitations in the instant appeal by contending the court "did not reach the substantive merits of the dispute" and "found *only* that the second anti-SLAPP motion was not timely filed." Her argument ignores the prior appellate opinion's

---

[6]    Kovtun's appeal from the denial of her first anti-SLAPP motion was dismissed on October 29, 2019, after she failed to file an opening brief.

11

reasoning and express factual determination that Kovtun's section 340.6 argument was available when she filed her first anti-SLAPP motion.

Moreover, although Kovtun again asserted the section 340.6 statute of limitations in her demurrer to Jennifer's SAVC filed on May 27, 2022, and argued it "effectively bars all claims, save that for intentional misrepresentation,"[7] she then failed to specifically plead section 340.6 as an affirmative defense in her answer to the operative SAVC. An answer that fails to specify the applicable statute of limitations and subdivision, if applicable, as required by section 458[8] waives the affirmative defense. (See *Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal.App.5th 136, 172.) Kovtun's answer makes no mention of section 340.6, nor does it include the specific citation to section 340.6, subdivision (a). Instead, it asserts and specifically cites other affirmative defenses: "As an eleventh, separate, affirmative defense to the Verified Complaint herein, Defendant Kovtun alleges that the Complaint on file herein appears to be barred by the applicable Statute of Limitations as set forth in . . . sections 337, 337.1, 337.15, 338, 339, 340, and 343."

---

[7] Although Kovtun conceded section 340.6 did not bar Jennifer's intentional misrepresentation cause of action in her demurrer, she changes her position on appeal and argues section 340.6 bars "*all* of Jennifer's claims against Kovtun." (Italics added.) (See *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350, fn. 12 ["A party is not permitted to change his [or her] position and adopt a new and different theory on appeal."].)

[8] Section 458 states: " 'In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section _____ (*giving the number of the section* and subdivision thereof, if it is so divided, *relied upon*) of the Code of Civil Procedure. . . .' " (Italics added; see also *Area 55, supra,* 61 Cal.App.5th at p. 172.)

On appeal, Kovtun fails to offer any explanation for her failure to timely assert section 340.6 in her first anti-SLAPP motion or her failure to properly plead section 340.6, subdivision (a) as an affirmative defense in her answer to the operative complaint. Nor does she provide any legal authority that could negate her waiver.

In light of this court's prior appellate opinion, the procedural history of this case, and controlling case law, we conclude Kovtun waived the statute of limitations affirmative defense under section 340.6, subdivision (a).[9]

C. *The litigation privilege does not bar Jennifer's causes of action*

Alternatively, Kovtun contends Jennifer's causes of action are barred by the litigation privilege under Civil Code section 47, subdivision (b). Pointing to the absence of any express citation to Civil Code section 47, subdivision (b) or reference to the "litigation privilege" in the statement of decision, Kovtun claims the superior court "simply ignored" or "failed to consider the application of [her litigation privilege] defense." Kovtun does not seek remand for a specific finding; instead, she argues reversal is warranted as a matter of law "based on the record . . . presented."

While we agree remand is unnecessary, our review of the record reveals the superior court did, indeed, consider Kovtun's assertion of the litigation privilege and repeatedly ruled it did not apply to Kovtun's communications. As stated in this court's prior appellate opinion, "[the superior court] ruled that the litigation privilege did not protect the type of activity complained of" when it denied Kovtun's first anti-SLAPP motion. Kovtun elected to forgo her challenge to that ruling by failing to file an opening brief, but then again raised the litigation privilege as a basis for her demurrer to Jennifer's SAVC.

---

9    We decline to address Kovtun's additional arguments based on this affirmative defense.

13

The superior court reiterated its prior ruling when it overruled the demurrer: "[A]s the court has previously ruled, the litigation privilege under Civil Code section 47[, subdivision] (b) does not apply to the September 28, 2017 meeting."

Aside from its prior rulings, the superior court issued a detailed statement of decision that sufficiently disclosed its factual findings and ultimate conclusion that the litigation privilege did not apply to Kovtun's communications. (See *Golden Eagle Ins. Co. v. Foremost Ins. Co.* (1993) 20 Cal.App.4th 1372, 1380 [a statement of decision is sufficient if it fairly discloses the court's determination as to the ultimate facts and material issues in the case]; *Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58 [the doctrine of implied findings requires us "to infer the trial court made all factual findings necessary to support the judgment."].)[10]

While there is no specific reference in the statement of decision to the litigation privilege or citation to Civil Code section 47, subdivision (b), a careful reading reveals the superior court thoughtfully considered and rejected Kovtun's litigation privilege arguments.

The court preliminarily acknowledged Kovtun's arguments "that her status as a lawyer should protect her from all causes of action by Jennifer for various reasons" and succinctly concluded: "[Kovtun] is mistaken." The court's subsequent reasoning specifically identifies the "various reasons"

_____

[10] Kovtun did not include her proposed statement of decision in the record on appeal (see § 632), and nothing in the record indicates Kovtun brought any alleged omission to the attention of the trial court. (See *Arceneaux, supra,* 51 Cal.3d at pp. 1133–1134 [under section 634, if a party fails to bring a deficiency to the trial court's attention, "that party waives the right to claim on appeal that the statement [of decision] was deficient in th[at] regard[ ], and hence the appellate court will imply findings to support the judgment"].)

asserted by Kovtun in her defense as the statute of limitations under section 340.6 and the litigation privilege. After "[f]irst rejecting Kovtun's statute of limitations defense, the court framed Kovtun's litigation privilege argument: "Second, Kovtun has argued that she was just advocating on behalf of her client and as such, cannot be held liable for this conduct." The court then proceeded to detail its factual findings supporting its conclusion that the litigation privilege did not shield Kovtun from liability on Jennifer's causes of action.

Observing that Kovtun knowingly "facilitated and then actively engaged in a contentious meeting between a victim of domestic violence and her abusive husband while criminal and civil protection orders were in place . . . to protect Jennifer," the court found Kovtun "fully engaged" in "emotional[ ] and verbal[ ] abuse" and stated: "Even if Kovtun would have convinced this court of her good faith intent at the beginning of the meeting, *which she did not*, she still had a duty to immediately end the meeting within minutes when her client became emotionally and verbally abusive. . . ." (Italics added.) The court highlighted that Kovtun was "an active participant" rather than "a mere bystander. She orchestrated the meeting, held it in her office and participated in the abuse itself." It also specifically found Kovtun "harass[ed], intimidat[ed] and threat[ened]" Jennifer and "Kovtun refused to allow Jennifer to leave the office without signing a waiver of her legal rights, by *threatening baseless legal action*." (Italics added.) In the final paragraph of its statement of decision, it unequivocally concluded "there is nothing to . . . exculpate . . . Kovtun from [her] outrageous tortious conduct toward Jennifer."

"[T]he litigation privilege only attaches when imminent access to the courts is seriously proposed and actually contemplated, seriously and in good

15

faith, as a means of resolving a dispute and not simply a tactical ploy to induce a settlement." (*Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1378–1379, citing *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 34–39 (*Edwards*).) "No public policy supports the extension of the litigation privilege to " 'persons who attempt to profit from hollow threats of litigation'." (*Action Apartment*, *supra*, 41 Cal.4th at p. 1251.)

From the superior court's express findings that Kovtun "threaten[ed] baseless litigation" without "good faith," we infer that Kovtun's communications were merely a tactical ploy that did not relate to an imminent lawsuit that Kovtun seriously proposed and actually contemplated in good faith for the purpose of resolving a custody dispute between the parties. Whether " 'imminent litigation was seriously proposed and actually contemplated [by Kovtun] in good faith as a means of resolving the dispute between [the parties]' " was a triable issue of fact (*Action Apartment*, *supra*, 41 Cal.4th at p. 1251), and on appeal, we defer to the superior court's express and implied factual findings that are supported by substantial evidence. (See *SFPP*, *supra*, 121 Cal.App.4th at p. 462; see also *In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1531 [" 'Where [a] statement of decision sets forth the factual and legal basis for the decision, any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision.' [Citation.]"].)

Kovtun's insistence that all her communications were cloaked by the privilege because "future legal action was contemplated by [her client] absent a signed custody sharing agreement" disregards the superior court's factual findings. Even if Kovtun's communications *could* be interpreted as an indication of her good faith intent to resolve a dispute as Kovtun contends, we

must resolve any conflict in the evidence and draw all reasonable inferences to support the court's conclusion that the litigation privilege did not apply. (See *Estate of Young* (2008) 160 Cal.App.4th 62, 75–76 ["in reviewing a judgment based upon a statement of decision following a bench trial, "any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision"].) At most, Kovtun's communications indicated the potential that at some future point, if the parties did not agree on a revised custody arrangement, litigation could be filed requesting a modification of custody.  That is not enough to invoke the litigation privilege.  (*Edwards*, *supra*, 53 Cal.App.4th at p. 36 [the "mere potential or 'bare possibility' that judicial proceedings 'might be instituted' in the future is insufficient to invoke the litigation privilege"].)  The privilege cannot be " 'used as a cloak to provide immunity' for fraud and other tortious conduct when the possibility [of litigation] has not ripened into a *proposed* judicial proceeding that is contemplated in good faith and under serious consideration." (*Id.* at p. 33, original italics; see also *Action Apartment*, *supra*, 41 Cal.4th at p. 1251 [when " 'the person publishing an injurious falsehood is not seriously considering litigation . . . , the publication has no "connection or logical relation" to an action and is not made "to achieve the objects" of any litigation.' "].)  Accordingly, we uphold the superior court's determination that the privilege does not apply to Kovtun's communications during the September 2017 meeting.

We are mindful of the overarching public policy underpinning the need for an absolute litigation privilege, which "promotes the effectiveness of judicial proceedings by encouraging attorneys to zealously protect their clients' interests.  '[It] is desirable to create an absolute privilege . . . not because we desire to protect the shady practitioner, but because we do not

17

want the honest one to have to be concerned with [subsequent derivative] actions . . . .' [Citation.]" (*Silberg*, *supra*, 50 Cal.3d at p. 214.) While attorneys are expected to engage in vigorous advocacy to achieve their clients' litigation objectives, without a good faith intention to bring a suit, their prelitigation communications are not protected by the litigation privilege. Alternatively, " ' "when there is a good faith intention to bring a suit, even malicious publications 'are protected as part of the price paid for affording litigants the utmost freedom of access to the courts.' " ' [Citation.]" (*Action Apartment*, *supra*, 41 Cal.4th at p. 1244.)

Here, Kovtun lacked the required good faith intention to bring a suit while she engaged in the outright abuse of an unrepresented opposing party. The superior court appropriately rejected Kovtun's argument that the September 2017 meeting was an informal prelitigation settlement conference where she was merely advocating on behalf of her client. Ample evidence supports the superior court's express and implied factual findings, and on this record, we conclude Kovtun's communications during the meeting did not relate to litigation that was then contemplated in good faith and under serious consideration. Without a good faith intention to bring suit, Kovtun cannot shield herself from liability under the guise of zealous advocacy.

On this record, we conclude the litigation privilege did not apply.

DISPOSITION

The judgment is affirmed.  Jennifer Shenefield is entitled to costs on appeal.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

Filed 11/20/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JENNIFER SHENEFIELD,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KAROLYN KOVTUN,<br><br>    Defendant and Appellant. | D083018<br><br><br>(Super. Ct. No. 37-2018-00052009-CU-PO-CTL)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed on October 24, 2024, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.


McCONNELL, P. J.


Copies to:  All parties

2